### *Emma DeGarmo v. Cincinnati Trac. Co.

FAILURE TO READ RELEASE SIGNED AS RECEIPT FOR DAMAGES TO APPAREL NOT NEGLIGENCE PRECLUDING RECOVERY FOR PERSONAL INJURIES.

Failure to read before signing a release of liability for personal injuries is not negligence precluding evidence of circumstances of signing if at the time of settlement no claim for bodily injuries was contemplated or made and releasor relied upon a statement of defendant's agent that the paper signed was a receipt for money paid for damages to apparel only.

ERROR to common pleas court.

*Horace A. Reeve*, for plaintiff in error.

*Kittredge, Wilby & Stimson*, for defendant in error.

### GIFFEN, P. J.

At the time plaintiff signed the release pleaded as a defense, it was not known that she had sustained any serious bodily injury, although she was extremely nervous.

---

*Reversed, no op., *De Garmo* v. *Traction Co.* 85 O. S. 000; 56 Bull. 375.

DeGarmo v. Traction Co.

She testifies as follows:

"I said what am I signing this for?  He said it is to show that I paid you the money for dress damages."

The conversation was confined wholly to the damages to her dress, for which she received $15.  Under such circumstances it was not negligence on the part of plaintiff to omit reading the paper before signing, and the court erred in arresting the case from the jury.  *Perry* v. *O'Neil,* 78 Ohio St. 200 [85 N. E. Rep. 41].

It was error also to sustain the objection to: "Q.  Did you rely upon what Mr. McCarthy told you?"

Judgment reversed and cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.